### In re Barbara Marie CALDWELL, Debtor.

### No. 11–70446–JAD.

United States Bankruptcy Court, W.D. Pennsylvania.

Jan. 30, 2012.

Raquel Anne Price, State College, PA, for Debtor.

## MEMORANDUM AND ORDER OF COURT

JEFFERY A. DELLER, Bankruptcy Judge.

The matter before the Court is the *Amended Reaffirmation Agreement* between the Debtor and Reliance Savings Bank, filed in the above-captioned case. Through the *Amended Reaffirmation Agreement*, the Debtor seeks to reaffirm a debt secured by a 2009 Fleetwood Edgewood manufactured home, situate on a lot commonly known as 212 Caldwell Road, New Millport, PA (the "Property"). The *Amended Reaffirmation Agreement* will be denied for the reasons that follow.[1]

The Debtor filed a voluntary petition for relief under Chapter 7 of Title 11 of the United States Code on April 27, 2011. The Debtor simultaneously filed her schedules of income and expenses. In her schedule I the Debtor lists monthly income of $2,750.62. In her schedule J, the Debtor lists monthly expenses totaling $2,668.00. These expenses do not include the required monthly payment on the proposed reaffirmed debt of $537.27 secured the Property, resulting in a negative net monthly income of -$454.65. (*See* Doc. # 30).

Under 11 U.S.C. § 524(c) a debtor may reaffirm a debt, thereby ensuring that the debtor's personal liability for the debt will survive the debtor's discharge. However, under 11 U.S.C. § 524(m), bankruptcy courts may disapprove a reaffirmation agreement if a presumption of undue hardship arises, and is not successfully rebutted by the debtor to the satisfaction of the court.

---

1. This matter is a core proceeding over which this Court has proper subject-matter jurisdiction. *See* 28 U.S.C. §§ 157(b)(2)(A), 157(b)(2)(I), 157(b)(2)(O) and 1334(b). This

*Memorandum and Order of Court* constitutes the Court's findings of fact and conclusions of law pursuant to Fed. R. Bankr.P. 7052.

■ Under the facts of the instant case, the presumption of undue hardship arises [2] because the Debtor's schedules indicate the Debtor's inability to make the payments required under the *Amended Reaffirmation Agreement.* For this reason, the Court conducted a hearing on the *Amended Reaffirmation Agreement* on January 20, 2012.[3]

■ At the hearing, counsel for the Debtor argued that despite the presumption, the Court should approve the *Amended Reaffirmation Agreement* because the Debtor is seeking to protect the interest of her daughter who is a co-owner of the Property and who supplies the monthly payment amount. (*See* Audio Recording of Hearing Held in Courtroom D, January 20, 2012 (10:16–10:18 AM)).

The Court does not find the Debtor's argument to be persuasive. When considering whether to approve a reaffirmation agreement the Court must consider whether the Debtor has successfully rebutted the presumption of undue hardship. *See* 11 U.S.C. § 524(m)(1). While the Debtor insists that her co-owning daughter will contribute payments, there is nothing of record to indicate that the co-owner is required to or is capable of doing so. In addition, the terms of the *Amended Reaffirmation Agreement* seek to have the Debtor affirm a payment amount of $537.27 per month over the next twenty-two (22) years. While the interest rate and payment amount seem reasonable, there was no evidence presented as to whether the Debtor (and/or her daughter) will be able to maintain a sufficient level of income over such an extended period of time to repay the reaffirmed debt.

Additionally, from the facts and circumstances presented, consideration of whether the *Amended Reaffirmation Agreement* is in the best interest of the Debtor helps to inform this Court's analysis of whether the Debtor has successfully rebutted the presumption of undue hardship. *See e.g., In re Hart,* 402 B.R. 78, 87 (Bankr.D.Del. 2009) (explaining the court's presumption analysis was "heavily influenced" by whether an agreement is in the debtor's best interest when considering a request to reaffirm consumer debt secured by real property); *In re Laynas,* 345 B.R. 505, 515 (Bankr.E.D.Pa.2006) (When considering whether the presumption of undue hardship has been rebutted "nothing in § 524(m)(1) expressly prohibits the court from considering other factors (such as the debtor's best interest, as under § 524(c)(6)(A)).").

Reaffirmation of the debt does not appear to provide any benefit to the Debtor.

**2.** While the Debtor acknowledges on the *Amended Reaffirmation Agreement* Cover Sheet that the presumption of undue hardship arises, the "No Presumption of Undue Hardship" box was checked on the first page of the *Amended Reaffirmation Agreement,* and counsel to the Debtor did not check the appropriate box under Part IV of the *Amended Reaffirmation Agreement* indicating that the presumption arises. (*See* Doc. # 30).

**3.** Even though the presumption of undue hardship may expire after a period of sixty (60) days from the date the reaffirmation agreement was filed (*see* 11 U.S.C. § 524(m)(1)), this Court finds that presumption is still present in this case. The hearing on the *Amended Reaffirmation Agreement* was originally scheduled within sixty days of the date it was filed. (*See* Doc. # 32). However, the hearing was continued several times pursuant to requests by both the Debtor and Reliance Savings bank, each proponents of the *Amended Reaffirmation Agreement.* (*See* Doc. # 35, # 40, Audio Recording of Hearing Held in Courtroom D, December 8, 2011 (10:28–10:29 AM)). Further, the Debtor has not amended her schedules I or J, which give rise to the presumption, and no information indicating changed circumstances of any kind was introduced at the hearing.

The Debtor does not reside in the Property,[4] does not maintain any equity in the Property, and Debtor's counsel was unable to indicate what benefit, if any, the Debtor would derive in exchange for her reaffirmation of the debt. (*See* Audio Recording of Hearing Held in Courtroom D, January 20, 2012 (10:19–10:21 AM)). While the Debtor's desire to protect her co-owning daughter's interest in the Property is understandable, it does not appear to be in the Debtor's best interest. *See In re Hoffman,* 358 B.R. 839, 843–44 (Bankr.W.D.Va. 2006) (holding that reaffirming an unaffordable debt for the purpose of protecting a co-obligor was not in the debtors' best interest).

Further, just because this Court will disapprove the *Amended Reaffirmation Agreement* does not mean that the arrangement between the Debtor, her daughter, and Reliance Savings Bank must be altered in any way. Even though the Debtor's personal liability on the debt may be discharged, she maintains the absolute right to continue making payments on the debt. *See* 11 U.S.C. § 524(f). Counsel for Reliance Savings Bank acknowledged that the Debtor and her daughter are current on the mortgage and that Reliance Savings Bank would continue to accept payments from the Debtor's daughter going forward. (*See* Audio Recording of Hearing Held in Courtroom D, January 20, 2012 (10:18–10:19 AM)). So long as the Debtor and her co-signor continue to make timely payments, it appears to the Court that Reliance Savings Bank has little incentive to foreclose, and may, in fact, be prevented from doing so.[5]

In sum, because the Debtor's payment of the proposed reaffirmed debt would create negative net monthly income and reaffirmation does not appear to be in the best interest of the Debtor, the Debtor has failed to rebut the presumption of undue hardship to the satisfaction of this Court.

**WHEREFORE,** this ***30th*** day of ***January, 2012,*** for the reasons stated above, **IT IS HEREBY ORDERED THAT** the *Amended Reaffirmation Agreement* between the Debtor and Reliance Savings Bank, filed in the above-captioned case **NOT APPROVED.**

---

4. In her schedule A, the Debtor lists an interest in two properties. The first is real property commonly known as 122 Caldwell Road, New Millport, PA, which the Debtor claims she owns jointly with her husband and is identified as her residence. (*See* Doc. # 1, *Schedule A* ). The second is the Property in question.

5. Courts within the Third Circuit recognize that despite only three options for treatment of secured collateral outlined in 11 U.S.C. § 521 following the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 (BAPCPA) amendments, debtors are not precluded from exercising a fourth "pass through" option with regard to real property by remaining current on payments without the need to enter into a reaffirmation agreement. *See e.g., In re Law,* 421 B.R. 735, 737–38 (Bankr.W.D.Pa.2010), *In re Hart,* 402 B.R. 78, 82–83 (Bankr.D.Del.2009), *In re Baker,* 390 B.R. 524, 527–28 (Bankr.D.Del.2008).